**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GIA BARTLETT, as Personal Representative
of the WRONGFUL DEATH ESTATE OF
EDWARD ALONZO BARTLETT,

Plaintiff,

v. Case No. 1:26-cv-01018-KWR-JFR

UNITED STATES OF AMERICA, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendant United States's Motion to Dismiss.[1] Def.'s Mot. Dismiss, Doc. 19. Defendant argues that its motion should be granted because the Court lacks subject-matter jurisdiction since Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA") before filing suit. *Id.* at 4–6. Additionally, Defendant argues that Plaintiff's claim is now time-barred because she failed to timely bring an administrative claim. *Id.* at 6. Plaintiff did not respond to the Motion.

Having reviewed the Defendant's briefing, the exhibits, and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**. Because Defendant United States's Motion seeks relief only as to itself as substituted for Defendant Fenton, Plaintiff's claim as to Defendant United States is **DISMISSED WITHOUT PREJUDICE**. This Order does not make any rulings regarding the claims of the remaining defendants alleged in Plaintiff's Complaint.

[1] Defendant entitles its Motion to Dismiss as "Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Memorandum of Law in Support."

## BACKGROUND

This dispute arises from Plaintiff's wrongful death action filed against medical staff who she alleges provided negligent health care services to her deceased father, referred to as "Decedent." Notice of Removal at 8–10, Doc. 1. Decedent died on April 11, 2021. *Id.* at 8. On April 10, 2024, Plaintiff filed her suit in this matter as the personal representative of Decedent's estate in the Thirteenth Judicial District Court, State of New Mexico, against Karl Robert Gutierez, MD; Daniel Felton, FNP; Dorcas Ann Yates, CFNP; Cibola Family Health Center; and Unknown Persons 1–100. *Id.* Plaintiff specifically alleges that Defendants failed to properly diagnose and treat the medical conditions that caused Decedent's death, in a manner that fell below the standard of care. *Id.* at 9–10.

At all relevant times, Presbyterian Medical Services ("PMS") was deemed a Public Health Service employee under 42 U.S.C. § 233(c), and Defendant Fenton was a PMS employee. *Id.* at 1–2. On April 3, 2026, the United States removed the action to this Court under 42 U.S.C. § 233(c), stating that Defendant Fenton "[was] covered by the provisions of the Federal Tort Claims Act," also known as the FTCA. *Id.* at 1–3. The United States stated that the named defendant "is covered by the provisions of the Federal Tort Claims Act." *Id.* at 2. Thereafter, the United States requested, and the Court ordered substitution of the United States as Defendant for originally named Defendant Fenton. Notice of Substitution, Doc. 4; Order Substituting United States for Certain Defs. at 1, Doc. 5.

On April 10, 2026, Defendant filed its Motion to Dismiss arguing that the Court lacks subject-matter jurisdiction. *See generally* Mot. Subsequently, Plaintiff failed to respond by April 24, 2026, the briefing deadline. Fed. R. Civ. P. 6(a); D.N.M. LR-Civ. 7.4(a); *see* Notice of Completion, Doc. 11.

## LEGAL STANDARD

Under the local rules, a party's failure to timely respond "to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Nonetheless, the Court must independently determine whether dismissal is warranted. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003).

Rule 12(b)(1) authorizes the Court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A challenge to the Court's subject-matter jurisdiction is never waived and can be raised at any stage in the proceedings, unlike other Rule 12 challenges. *See* Fed. R. Civ. P. 12(h)(1)–(3). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

A Rule 12(b)(1) motion can take two forms: a facial or a factual attack. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Id.* Conversely, "[a] factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id.* When the Court confronts a factual attack on subject-matter jurisdiction, it has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (quoting *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). Further, the Court's "exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary judgment motion unless 'resolution of the jurisdictional question is intertwined with the merits.'" *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001)).

## DISCUSSION

Defendant United States argues that Plaintiff's Complaint should be dismissed because the Court lacks subject-matter jurisdiction as Plaintiff failed to exhaust her administrative remedies through the FTCA. Motion at 4–6. Additionally, Defendant argues that Plaintiff's claim is now barred because she failed to timely bring any administrative claims in this matter. Motion at 6. The Court finds both of Defendant's arguments well-taken. The Court takes up Defendant's second argument in the alternative.

### I. <u>The Court lacks jurisdiction over Plaintiff's claim against the United States because Plaintiff failed to comply with the FTCA's administrative exhaustion requirements</u>.

Defendant argues that the Court lacks subject-matter jurisdiction because Plaintiff failed to fulfill her administrative exhaustion requirement since she never presented an administrative claim to the Department of Health and Human Services ("HHS"). Mot. at 4–6. The Court agrees.

This Court's subject-matter jurisdiction in this case, if present, must properly arise under the FTCA, the governing federal statute for tort claims lodged against the federal government. The FTCA grants federal district courts exclusive jurisdiction over civil actions on claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission." 28 U.S.C. § 1346(b)(1). Here, Plaintiff's Complaint contains a claim for wrongful death, now alleged against the federal government as the United States has been substituted as named Defendant Fenton. Order Substituting United States for Certain Defs. at 1. Thus, Plaintiff's claim falls under the FTCA's domain.

To gain subject-matter jurisdiction under the FTCA, Plaintiff must have discharged her preliminary administrative exhaustion requirement outlined by the statute. Therefore, the Court cannot hear Plaintiff's claim unless she first exhausted her administrative remedies. *See Lopez v.*

*United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *see also McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion . . . before invocation of the judicial process."). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.,* 951 F.2d 268, 270 (10th Cir. 1991) (internal citations omitted).

A plaintiff satisfies the exhaustion requirement by showing that she "first presented the claim to the appropriate Federal agency," and that claim has been "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "Alternatively, a plaintiff may file suit if the agency has failed to make any decision within six months of the claim's filing." *Rowland v. Matevousian*, 121 F.4th 1237, 1246 (10th Cir. 2024) (citing § 2675(a)). The Tenth Circuit has "effectively construed the term "claim," as employed in § 2675(a), as encompassing two requirements: (1) a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct, and (2) a request for a sum certain in damages." *Lopez*, 823 F.3d at 976. While "the FTCA's notice requirement should not be interpreted inflexibly," notice must be adequate to provide "due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).

Here, Plaintiff did not present any administrative claim with HHS. Defendant's Motion presents a factual attack on jurisdiction, *see Baker*, 979 F.3d at 871, supported by the declaration

of Merith Torres, a Senior Attorney in HHS's Office of the General Counsel. *See generally* Mot. Ex. A, Doc. 6-1. Torres avers that HHS's Claims Office maintains a database "record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers" such as PMS. Mot. Ex A ¶¶ 2–3. A search of that database revealed no "administrative tort claims filed by [Plaintiff], or an authorized a representative relating to [PMS] and/or Daniel Fenton, FNP." *Id.* ¶ 4. Plaintiff did not respond to the Motion or offer any evidence to contradict this evidence. Because Plaintiff bears the burden of establishing jurisdiction, and Defendant's evidence remains uncontroverted, the Court finds that Plaintiff never presented a claim to HHS. *See Port City*, 517 F.3d at 1189.

Further, because Plaintiff presented no administrative claim at all, the Court need not consider whether any notice would have sufficed under § 2675(a). *See Lopez*, 823 F.3d at 976; *see also Trentadue*, 397 F.3d at 852. Nor does Plaintiff's state-court complaint satisfy the presentment requirement for administrative exhaustion under the FTCA. The FTCA requires a claimant have "first presented the claim to the appropriate Federal agency" before instituting an action, and Plaintiff filed her complaint with a state court, not with HHS. § 2675(a); *see McNeil*, 508 U.S. at 111–12 (describing § 2675(a)'s presentment requirement as "unambiguous"). Filing in state court without presentment is tantamount to the insufficiency under the FTCA as filing in the district court without presentment—it is strictly proscribed.

Accordingly, Plaintiff failed to exhaust her administrative remedies as the FTCA requires, and the Court lacks subject-matter jurisdiction over her claim.

## II. <u>**Plaintiff's claim is now time-barred**</u>.

In the alternative, even assuming the Court does have jurisdiction to hear this matter, Plaintiff's claim is time-barred. Although dismissal for lack of jurisdiction must be granted

without prejudice, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006), the Court notes that Plaintiff is unable to satisfy the FTCA's exhaustion requirement because presentment would be untimely.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Accrual does not await a plaintiff's discovery that the defendant is a deemed federal employee only suable under the FTCA. A claim accrues when the plaintiff possesses the critical facts that she has been hurt and "who has inflicted the injury"—accrual does not wait until her awareness of her "legal rights." *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979); *see also Arteaga v. United States*, 711 F.3d 828, 832 (7th Cir. 2013) (A "plaintiff should be able to discover within the statutory limitations period the rest of the facts needed for drafting a complaint that will withstand a motion to dismiss. That the defendant is suable only under the Federal Tort Claims Act is one of those facts."). Plaintiff knew those critical facts: she had already identified Defendant Fenton in her state-court complaint. Notice of Removal at 8. Thus, her claim began to accrue regardless of her knowledge of her legal rights. *Kubrick*, 444 U.S. at 122–24. Particularly salient to the facts at hand here, in *Arteaga*, the Seventh Circuit observed that a defendant's status as a deemed federal employee was available on the respective governmental website and "[m]embers of the medical malpractice bar should know enough to consult the website when approached by a prospective client." *Id.* at 834. Plaintiff's claim therefore began to accrue no later than Decedent's death on April 11, 2021, Notice of Removal at 8, and the presentment period expired no later than April 11, 2023. Plaintiff never presented a claim to HHS during that period, or after. Mot. Ex A ¶ 4. Ultimately, "the remedy is not to punish the defendant by depriving him

of the protection of the statute of limitations; it is for the plaintiff to sue the lawyer who misadvised him for legal malpractice." *Arteaga*, 711 F.3d at 834.

The procedural history of this case cannot rescue Plaintiff's claim. First, the United States's removal to this Court did not constitute a new filing that could satisfy or begin anew the presentment period. *Estate of Cummings v. United States*, 651 Fed. Appx. 822, 827 (10th Cir. 2016) ("The [plaintiff] argues first that the suit's removal to federal court should constitute a new filing, thus satisfying the exhaustion requirement. . . . "[N]ew filings in an existing suit cannot correct the failure to exhaust administrative requirements."). Second, Plaintiff cannot circumvent the time-bar through new filings or amendments. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("Allowing claimants . . . to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."). There is a narrow exception recognized for when an action can suffice as new "if the court administratively closed the case, the plaintiff filed an amended complaint, and the government agrees to treat it as a new action." *Estate of Cummings*, 615 Fed. Appx. at 827. Here, neither Plaintiff nor Defendant (the government) fulfilled any part of this narrow exception.

Similarly, Plaintiff cannot save her claim through the Westfall Act amendment to the FTCA. The amendment acts as a savings clause for plaintiffs who file in the wrong forum. *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) ("[I]n a 1988 amendment to the FTCA, the Westfall Act, . . . Congress established a procedure for a claimant to follow if she initially files a FTCA claim in the wrong forum."). ‼

> Pursuant to this savings clause an errant plaintiff whose suit is removed to a district court, and then dismissed because she failed to bring the timely required administrative claim, will be credited with the date that she filed her claim in the

> wrong forum for purposes of the FTCA's statute of limitations. Such claims will be deemed timely under section 2401(b) if
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

*Id.* at 193–94 (citing 28 U.S.C. § 2679(d)(5)). Nevertheless, Plaintiff did not timely file her state-court action. Plaintiff filed in the Thirteenth Judicial District Court, State of New Mexico on April 10, 2024, a year after the presentment period expired. Notice of Removal at 8. Thus, substituting Plaintiff's state-court filing date would not cure the untimeliness of her claim.

Finally, although § 2401(b) is subject to non-jurisdictional equitable tolling, *United States v. Wong*, 575 U.S. 402, 419–20 (2015), Plaintiff does not demonstrate that affording equitable tolling is appropriate here. "[A] court usually may pause the running of a limitations statute in private litigation when a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Id.* at 407–08 (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). The Supreme Court held in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990), "'that the same rebuttable presumption of equitable tolling' should also apply to suits brought against the United States under a statute waiving sovereign immunity." *Wong*, 575 U.S. at 408. Equitable tolling is conferred "only sparingly," requires "due diligence," and does not reach "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. Plaintiff neither requested relief nor identified any basis for it. The Court, independently, cannot identify any compelling basis for equitable tolling. From the record at hand, Plaintiff did not exercise due diligence in investigating or bringing a claim—Plaintiff filed suit three years after the alleged misconduct and seemingly made no effort to identify the status of Defendant Fenton for FTCA purposes. *See* Notice of Removal at 8–10. Thus, this delay falls into the garden variety category of excusable neglect. *See Irwin*, 498 U.S. at 96.

Accordingly, based on this record and under the assumption that the Court possesses subject-matter jurisdiction, any administrative claim Plaintiff might now present is time-barred by § 2401(b).

**CONCLUSION**

Plaintiff failed to exhaust her administrative remedy, and thus this Court lacks the requisite subject-matter jurisdiction to hear claims against the United States. Further, even if the Court retained subject-matter jurisdiction over the matter, Plaintiff's claim is now time-barred because of Plaintiff's failure to timely bring an administrative claim. Importantly, the Court notes that this Order reaches only Defendant United States, substituted for Defendant Fenton. *See* Order Substituting United States for Certain Defs. at 1. This Order does not pronounce any ruling on Plaintiff's claims as to the remaining defendants alleged in her Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order. Plaintiff's claim as to the United States is **DISMISSED WITHOUT PREJUDICE**.

___/S/________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE